IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-19 |
| vs. | |
| FRANK SADECKI, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter comes before the Court on Defendant's motion for compassionate release, Filing 32. For the reasons stated below, the motion will be denied.

Defendant pleaded guilty to two counts of the Information (Filing 18): possession with intent to distribute at least 50 grams of a substance containing methamphetamine (Count I), and possession of a digital or electronic image for counterfeiting obligations and securities of the United States (Count II). Filing 22, Filing 30. In Defendant's petition to enter a guilty plea he admitted: "I possessed and intended to distribute methamphetamine in Nebraska. I possessed items to make counterfeit money in Nebraska." Filing 21 at 7. In evaluating "Relevant Conduct" under United States Sentencing Guidelines (U.S.S.G.) § 1B1.3, the Presentence Investigation Report (PSR) found that Defendant was responsible for between 400 kilograms and 700 kilograms of converted drug weight. *See* Filing 28 at 8. On June 6, 2019, the Court[1] adopted the PSR without objection and sentenced Defendant to a term of imprisonment of 100 months on Counts I and II, to be served concurrently, with four years of supervised release. Filing 30 at 2, 3. Defendant's total offense level was 23, and his criminal history category was VI. Filing 30 at 1.

---

[1] Due to the unexpected and untimely death of Senior District Judge Laurie Smith Camp, this matter was transferred to the undersigned judge on December 31, 2020. Filing 33.

In Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), Congress amended 18 U.S.C. § 3582(c)(1)(A) to permit a defendant to move a sentencing court for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons (BOP) to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Defendant asserts, without evidence, that he submitted a request for compassionate release to the warden of his facility on November 18, 2020. Accepting this allegation as true for purposes of this Motion, more than thirty days have elapsed since the date of his request and Defendant would have exhausted the required administrative remedies.

Even if Defendant exhausted his administrative remedies, he has not demonstrated a reduction in sentence is warranted. Section 3582(c)(1)(A) provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>    . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Sentencing Guidelines identify four general categories of qualifying circumstances, including: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1 (2018). Defendant's rehabilitation while incarcerated may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see*

also United States v. Saldana, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Defendant seeks compassionate release, asserting that his health conditions place him at an increased risk of severe illness should he contract COVID-19. The Court does not minimize Defendant's medical conditions or the potential risk he faces; however, a generalized concern about the presence of COVID-19 is insufficient to show extraordinary and compelling reasons for release. See United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); United States v. Melgarejo, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), aff'd, No. 20-1802, 2020 WL 7230642 (7th Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Instead, the court must determine whether the nature of Defendant's increased risk is sufficiently extraordinary and compelling to merit release from incarceration. See 18 U.S.C. § 3582(c)(1)(A).

Defendant has not shown that his specific health conditions place him at a greater risk of complications, nor has he shown that his conditions are being insufficiently treated. Defendant summarily states that he is obese and has "pre-existing Hep C treatments." Filing 32 at 2. Defendant provides no evidence or argument that these diagnoses place him at a greater risk. Although the Centers for Disease Control and Prevention ("CDC") has stated that adults with obesity "are at increased risk for severe illness" from the virus that causes COVID-19,[2] the risk depends on the severity of the patient's obesity. See United States v. Perkins, No. 14-cr-104-LM-

---

[2] CDC, People with Certain Medical Conditions (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

3

1, 2020 WL 4783558, at *4 (D.N.H. Aug. 18, 2020) (citing recent scientific studies and observing that "the higher a person's BMI is, the greater the risk that COVID-19 will prove fatal for that person"). Defendant provides no evidence of the severity of his obesity, so the Court is unable to assess his risk.

Similarly, Defendant provides no indication that his treatments for hepatitis C are ineffective or that he is still receiving treatment. The CDC has stated that "[p]eople might be more likely to have severe disease if their medical conditions are not well controlled."[3] Absent evidence of the severity of Defendant's hepatitis C, the Court is unable to evaluate whether he is at an increased risk should he contract COVID-19. *See United States v. Wright*, No. 17-CR-0301, 2020 WL 7334412, at *3 (D. Minn. Dec. 14, 2020) (noting that the more severe the underlying medical condition, the greater the risk for severe illness from COVID-19).

A reduction of his sentence to time served would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." Defendant was found responsible for possessing a significant amount of methamphetamine and admitted to defrauding several victims with counterfeit currency. Defendant also has a significant criminal history. Releasing Defendant after serving less than a third of his sentence would minimize the seriousness of his offense and endanger the public. Defendant has not shown that he cannot be cared for in prison, and the Court concludes the factors

---

[3] CDC, What to Know About Liver Disease and COVID-19 (Feb 8, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.

under 18 U.S.C. § 3553(a) do not allow for compassionate release. Accordingly, Defendant's motion is denied.

    IT IS ORDERED.

1. Defendant's Motion for Compassionate Release, Filing 32, is denied; and
2. The Clerk will mail a copy of this Memorandum and Order to Defendant at his last known address.

Dated this 10th day of March, 2021.

BY THE COURT:

Brian C. Buescher
United States District Judge